1 | Gretchen M. Nelson (112566)
2 | gnelson@nflawfirm.com
  | Carlos F. Llinás Negret (284746)
3 | cllinas@nflawfirm.com
  | NELSON & FRAENKEL LLP
4 | 601 So. Figueroa Street, Suite 2050
  | Los Angeles, CA 90017
5 | Telephone:  213-622-6469
  | Telecopier: 213-622-6019
6 |
7 | Attorneys for Plaintiffs YADIRA ALVAREZ, Personal Representative of the Estate
  | of BERENICE FELIPE (Deceased); SEJAY TAN, Personal Representative of the
8 | Estate of WEI TAN (Deceased); JEAN ANNE ALLEN as Executor of the Estate of
  | STEVEN JOHN SALIKA, Executor of the Estate OF CAROL DIANA ADAMIC
9 | and Administrator of the Estate of TIA NICOLE ADAMIC SALIKA; JAMES
10| ADAMIC, individually and as beneficiary of the Estate of CAROL DIANA
  | ADAMIC (Deceased); SHIRLEY SALIKA, individually, and as beneficiary of the
11| Estate of STEVEN JOHN SALIKA (Deceased) and TIA NICOLE SALIKA; NINA
  | HUTTEGGER, Personal Representative of the Estate of JUHA-PEKKA
12| AHOPELTO (Deceased)
13| *See Signature Page for Names and Addresses of Counsel for Other Plaintiffs*
14|
15|                     **UNITED STATES DISTRICT COURT**
16|                     **CENTRAL DISTRICT OF CALIFORNIA**
17|                              **WESTERN DIVISION**

| | |
|---|---|
| NANCY FIEDLER, Personal Representative of the Estate of LISA FIEDLER (Deceased); MATTHEW GUINEY, Personal Representative of the Estate of MARYBETH GUINEY (Deceased); OLGA FAYNSHTEYN, Personal Representative of the Estate of YULIYA KRASHENNAYA (Deceased); KATIE OSBORNE, Personal Representative of the Estate of DANIEL GARCIA (Deceased); CHRISTINA QUITASOL, Personal Representative of the Estate of MICHAEL QUITASOL (Deceased); SARMA WILLIAMS, Personal Representative of the Estate of VAIDEHI DEVI CAMPBELL | Case No.<br><br>**COMPLAINT FOR VIOLATION OF THE ADMINISTRATIVE PROCEDURES ACT,  5 U.S.C. § 701** |

1

WILLIAMS (Deceased); CHRISTINE ALEXANDRA DIGNAM, Personal Representative of the Estate of JUSTIN DIGNAM (Deceased); JASMINE LORD, Personal Representative of the Estate of CHARLES McILVAIN (Deceased); VICTORIA E. MOORE, Personal Representative of the Estates of RAYMOND SCOTT CHAN (Deceased) and KENDRA CHAN (Deceased); YUKA OHASHI MERRITT, Personal Representative of the Estate of YUKO HATANO (Deceased); VIKRAM SINGH, Personal Representative of the Estate of SUNIL SINGH SANDHU (Deceased); NINA HUTTEGGER, Personal Representative of the Estate of JUHA-PEKKA AHOPELTO (Deceased); YADIRA ALVAREZ, Personal Representative of the Estate of BERENICE FELIPE (Deceased); SEJAY TAN, Personal Representative of the Estate of WEI TAN (Deceased); ERIC BALTZ, Personal Representative of the Estate of NEAL BALTZ (Deceased); ANTHONY BEITZINGER, Personal Representative of the Estate of PATRICIA BEITZINGER (Deceased); SHRUTI DEOPUJARI, Personal Representative of the Estate of SANJEERI DEOPUJARI (Deceased); ATLEE FRITZ, Personal Representative of the Estate of ANDREW FRITZ (Deceased); SEEMA SHARMA, Personal Representative of the Estate of KAUSTUBH NIRMAL (Deceased); MARGARET STROM, Personal representative of the Estate of TED STROM (Deceased); RICHARD X. LIU, Personal Representative of the Estate of XIANG LIN; SUSANA

| | |
|---|---|
| 1 | SOLANO ROSAS, Personal Representative of the Estates of EVANMICHEL SOLANO QUITASOL (Deceased), ANGELA ROSE SOLANO QUITASOL (Deceased), and NICOLE SOLANO QUITASOL (Deceased); ARIEL TAKVAM, Personal Representative of the Estate of KRISTIAN TAKVAM (Deceased); DOMINIC MICAEL SELGA, Personal Representative of the Estate of FERNISA JUNE SISON (Deceased); ROBERT KURTZ and CHERIE MCDONOUGH, Personal Representatives of the Estate of ALEXANDRA HALEY KURTZ; JEAN ANNE ALLEN as Executor of the Estate of STEVEN JOHN SALIKA, Executor of the Estate OF CAROL DIANA ADAMIC and Administrator of the Estate of TIA NICOLE ADAMIC SALIKA; JAMES ADAMIC, individually and as beneficiary of the Estate of CAROL DIANA ADAMIC (Deceased); ANGELIKA ADAMIC, individually and as beneficiary of the Estate of CAROL DIANA ADAMIC (Deceased); MARK ADAMIC, individually and as beneficiary of the Estate of CAROL DIANA ADAMIC (Deceased); SHIRLEY SALIKA, individually, and as beneficiary of the Estate of STEVEN JOHN SALIKA (Deceased) and TIA NICOLE SALIKA (Deceased); DANIEL POH-HOCK CHUA, Personal Representative of the Estate of KRISTINA OLINE FINSTAD (Deceased), and RYAN SIMS, individually, |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | Plaintiffs, |
| 27 | v. |
| 28 | UNITED STATES DEPARTMENT |

3

OF JUSTICE, BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES; United States Attorney for the Central District of California, E. MARTIN ESTRADA ESQ., in his official capacity;

                Defendants.

Plaintiffs NANCY FIEDLER, MATTHEW REID GUINEY, OLGA FAYNSHTEYN, KATIE OSBORNE, CHRISTINA QUITASOL, SARMA WILLIAMS, CHRISTINE ALEXANDRA DIGNAM, JASMINE LORD, VICTORIA ELLEN MOORE, YUKA OHASHI MERRITT, VIKRAM SINGH, NINA HUTTEGGER, YADIRA ALVAREZ, SEJAY TAN, NEAL BALTZ, ANTHONY BEITZINGER, SHRUTI DEOPUJARI, ATLEE FRITZ, SEEMA SHARMA, MARGARET STROM, RICHARD LIU, SUSANA SOLANO ROSAS, ARIEL TAKVAM, DOMINIC SELGA, ROBERT KURTZ, CHERIE McDONOUGH, JEAN ALLEN, DANIEL POH-HOCK CHUA and RYAN SIMS, allege as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs are victims of the *MV Conception* disaster, which occurred on September 2, 2019. The tragedy occurred after the Coast-Guard-documented-and-inspected passenger vessel caught fire and sank off Santa Cruz Island during a scuba-diving trip on the Santa Barbara Channel. Thirty-four people were killed and one crew member was seriously injured.

2. Plaintiffs are presently in wrongful death and personal injury litigation in the Superior Court of California against multiple defendants, including: the owner, designers, and builders of the vessel; parties who repaired and modified the vessel; parties who sold and distributed electronic devices present in the vessel at the time of the fire; and as-yet identified Doe defendants who manufactured, designed or

4

marketed defective lithium-ion battery powered devices that caused or substantially contributed to the conflagration.

3. Plaintiffs have also brought suit against the United States of America under the Suits in Admiralty Act, 46 U.S.C. § 30901, et seq., asserting that the United States Coast Guard negligently inspected the vessel before the fire.

4. In May 2021, in furtherance of Plaintiffs' interest as crime victims, the Department of Justice released partial portions (just 197 of 875 pages) of the ATF's Cause and Origin Report on the investigation to them, subject to strict Non-Disclosure Agreements.

5. In June 2021, The Department of Justice also permitted Plaintiffs' experts to inspect the vessel and recovered materials from the scene. However, during that inspection, the Department of Justice withheld critical evidence from Plaintiffs, including recovered lithium-ion batteries and electronic materials Plaintiffs require access to in order to prosecute their state claims.

6. Accordingly, on August 6, 2021, and on September 10, 2021, Plaintiffs served requests for production of documents upon the Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) in accordance with *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) and applicable departmental regulations, 28 C.F.R. § 16.1 et seq. ("*Touhy* requests"). Plaintiffs sought specifically described material evidence identified in the ATF report that was sequestered, as well as laboratory and other analyses that were prepared by the Federal Bureau of Investigation (FBI) and the ATF during those agencies' investigation of the disaster.

7. To date, the Department of Justice and the ATF have refused to produce anything at all in response to those requests.

8. Before this Court, Plaintiffs now seek:
    a. An order compelling production of the materials requested by Plaintiffs in their August 6, 2021, and September 10, 2021, Touhy requests.

b. An order declaring Plaintiffs' entitlement to access the evidence and materials that are responsive to their August 6, 2021, and September 10, 2021, *Touhy* requests.

c. An order enjoining Defendants from refusing to comply with or adequately respond to Plaintiffs' August 6, 2021, and September 10, 2021, *Touhy* requests.

d. Attorney fees and costs;

e. All other legal, equitable, injunctive, and declaratory relief that the Court finds appropriate.

## JURISDICTION

9. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiffs' claims arise under the Administrative Procedures Act, 5 U.S.C. § 701. This Court is also empowered to grant declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201.

10. Venue is proper in this district under 28 U.S.C. § 1391(e) because Plaintiffs' *Touhy* requests were denied on behalf of the Department of Justice by Assistant United States Attorney Mark A. Williams, who practices in the Environmental and Community Safety Crimes Section of the United States Attorney's Office, Central District of California and works under United States Attorney Estrada. In addition, a substantial part of the events giving rise to Plaintiffs' claims occurred in the Central District of California.

## PARTIES

11. Plaintiffs are litigants in *Fiedler et al. v. Truth Aquatics, Inc. et al.*, No. 21-ST-CV-08121, pending in the Superior Court of California and their respective attorneys were all signatories to the *Touhy* requests giving rise to this litigation.

12. Defendant Bureau Of Alcohol, Tobacco, Firearms And Explosives (ATF) is a federal "agency" of the United States under 5 U.S.C. § 701 and is the current custodian

1 of the evidence and analyses that are responsive to Plaintiffs' *Touhy* requests. Plaintiffs' *Touhy* requests were therefore directed to the ATF.

13. Defendant United States Department of Justice is a federal "agency" of the United States under 5 U.S.C. § 701. The ATF is part of the Department of Justice and the blanket denial of Plaintiffs' *Touhy* requests was issued by attorneys with the Department of Justice.

14. Defendant E. Martin Estrada, Esq. is the United States Attorney for the Central District of California, and is sued in his official capacity. Mr. Estrada is subject to the personal jurisdiction of this Court because he works in the Central District of California and his office issued the blanket *Touhy* denial from the Central District of California.

## FACTUAL ALLEGATIONS

15. During the early morning hours of September 2, 2019, a fire broke out on *MV Conception*, a passenger vessel, killing thirty-four people and injuring one crew member.

### The MV Conception *Legal Proceedings*

16. Numerous legal proceedings followed the *MV Conception* tragedy.

17. First, on September 5, 2019, the owners of the vessel filed a Complaint for Exoneration from or Limitation of Liability under 46 U.S.C. § 30501 in this Court, which resulted in a stay of all civil litigation against the vessel owners. *See* Case No. 2:19-cv-07693 (Doc. No. 1). That stay was lifted by this Court on January 28, 2021, and a stay of the limitation action was put in place pending adjudication of Plaintiffs to-be-filed "related action in the Stanley Mosk Courthouse of the Superior Court of Los Angeles." *Id.* (Doc. No. 179).

18. Second, on December 1, 2020, the United States of America indicted Jerry Nehl Boylan, the Captain of *MV Conception*, for Seaman's Manslaughter, 18 U.S.C. § 1115 in this Court. Case. No. 2:20-cr-00600-GW (Doc. No. 1). The United States alleges that Mr. Boylan failed to have a night watch or roving patrol on the vessel,

7

failed to conduct sufficient fire drills and failed to conduct sufficient crew training. *Id.* at 3.

19. Third, in March and April, 2021, and as permitted by this Court, Plaintiffs filed civil lawsuits in the Superior Court of California arising from the disaster that, were ultimately consolidated into a complex action pending before the Hon. Carolyn B. Kuhl. *Fiedler et al. v. Truth Aquatics, Inc. et al.*, No. 21-ST-CV-08121 ("the state action"). The defendants in the state action are:

    a. Truth Aquatics, Inc., Glen Fritzler and Dana Frizler, the owners of the *MV Conception*;

    b. Sea Landing Dive Center and Daniel W. Bader, who Plaintiffs allege rented, distributed or sold Lithium-ion battery-powered electronic equipment for use aboard the *MV Conception*, which ignited and/or fed the fire;

    c. Ventura Harbor Boatyard, Seaway Boat, Co. Robert Stapp, Roy Hauser, and Russel Izor who Plaintiffs allege negligently designed, built, refurbished and repaired the vessel; and

    d. Doe Defendants 1-100, who Plaintiffs allege designed, manufactured, and distributed lithium-ion battery-powered electronic equipment for use aboard the *MV Conception*, which ignited and/or fed the fire.

The *Touhy* requests at issue in this litigation pertain solely to the state action, which is pending. Most of the material evidence Plaintiffs need to identify the Doe Defendants who designed, manufactured, and distributed the defective lithium-ion battery-powered electronic equipment, which ignited and/or accelerated the fire aboard *Conception* currently resides in the exclusive custody and control of the ATF. Plaintiffs wish to access that material evidence.

20. Fourth, on September 1, 2021, Plaintiffs sued the United States of America in this Court under the Suits in Admiralty Act, 46 U.S.C. § 30901, seeking damages for the United States Coast Guard's causal role in the fire. As of the time of filing of this

Complaint, discovery is being conducted concerning the United States' discretionary function defense.

### Plaintiffs' Touhy Requests in the State Action

21. In the state action, Plaintiffs allege that the *MV Conception* fire was caused or exacerbated by defective electronics containing lithium-ion batteries on board the vessel. During their investigation of the fire, the FBI and ATF sequestered and retained exclusive custody and control over all of the lithium-ion batteries and lithium-ion-battery-powered electronic equipment recovered from *MV Conception.* Accordingly, to prosecute the state court action, Plaintiffs require access to those electronics, as well as other materials, documents, evidence, and analyses within the possession of the ATF, which conducted an investigation of the *MV Conception* fire. Plaintiffs cannot adequately prosecute the state action without direct access to the materials requested in their *Touhy* requests.

22. Accordingly, on or around August 6, 2021, Plaintiffs served a highly targeted *Touhy* request upon the ATF seeking: (1) specifically identified ATF laboratory reports; (2) testing videos; (3) a dive video; (4) five specifically identified pieces of evidence that the Department of Justice and ATF did not make available to Plaintiffs during a previously coordinated inspection of the vessel; (5) diagrams of the vessel; (6) interview transcripts; (7) electronic evidence (e.g., MAYDAY recordings and victim cell phone data); and (8) material identifying the final location and identification of the victims.

23. With the request, Plaintiffs served a draft Stipulated Protective Order "to ensure the confidentiality of all materials produced" and a draft "Agreement to Be Bound by Protective Order" that anyone reviewing the materials would be bound by. Plaintiffs informed Defendants that they

> ha[d] taken concrete measures to narrow [their] requests consistent with the United States' interest, while taking into account relevant judicial precedent concerning past requests to the ATF. *See, e.g., CF Industries*

*v. Department of Justice*, 692 Fed. Appx 177 (5th Cir. 2017) (ATF produced five discs of audio and video files, videos of field testing, evidence list, debris field map, lab analyses, witness statement and summaries, and photographs, among other materials created in the course of a criminal arson investigation).

The Plaintiffs also wrote they were "prepared to work cooperatively" with the ATF and the United States Attorney's Office in discussing any responses and objections to the requests.

24. On or around August 26, 2021, Defendant Assistant United States Attorney Mark A. Williams held a telephonic conference with representatives of Plaintiffs. Mr. Williams informed Plaintiffs he would "round table" Plaintiffs' August 6, 2021, *Touhy* request with his team.

25. Thereafter, Plaintiffs became aware of a debate between the Department of Justice, the United States Coast Guard and the National Transportation Safety Board concerning the cause and origin of the fire. Plaintiffs are informed and believe and therefore allege both that there was a significant dispute between these entities concerning the triggering events responsible for the ignition of the fire and that conflicting drafts of the ATF's Cause and Origin Report were written before adoption of the final report. Consequently, on or around September 10, 2021, Plaintiffs filed a supplemental *Touhy* request seeking drafts of the ATF Origin and Cause Report, communications between the ATF, DOJ, United States Coast Guard and the NTSB "discussing batteries or electronic devices as a potential source of ignition of the *MV Conception* fire," and related written materials related to those discussions.

26. Plaintiffs two *Touhy* letters consisted of just eighteen discrete numbered requests for the specific documents described above.

27. On or around September 20, 2021, the Department of Justice issued a blanket denial of Plaintiffs' entire *Touhy* request, stating: "we cannot comply with your *Touhy* requests at this time."

10

28. The sole justification for Defendants' denial was that they were purportedly not required "to disclose materials from an ongoing criminal investigation where the parties making the *Touhy* request are concurrently suing the government in a related action." *Id*. at 1. Defendants have not cited any legal authority of any kind to support that denial or articulated in writing any other basis for their denial.

29. This action follows.

## COUNT ONE: VIOLATION OF THE ADMINISTRATIVE PROCEDURES ACT, AS AGAINST ALL DEFENDANTS

30. Plaintiffs re-state and incorporate all previous paragraphs.

31. Defendants' September 20, 2021, written denial of Plaintiffs' *Touhy* requests was a final agency action under the Administrative Procedures Act. Defendants will not comply or respond further to Plaintiffs' *Touhy* letters and Plaintiffs are without any other additional recourse or remedy.

32. Plaintiffs each suffered a "legal wrong" under 5 U.S.C. § 702 and all applicable law for, but not limited to, the following reasons.

   a. The existence of criminal and civil proceedings arising from a single incident does not absolve Defendants of their legal obligations to follow 28 C.F.R. § 16.21 et seq. and appropriately respond to Plaintiffs' hereinabove described *Touhy* request.

   b. Defendants failed to articulate any explanation for its denial, let alone a satisfactory one. In a two-page conclusory response, Defendants simply stated that they were not required "to disclose materials from an ongoing criminal investigation where the parties making the Touhy request are concurrently suing the government in a related action." Defendants did not cite a single regulation, statute, or case in explaining their denial and did not present a specific response to Plaintiffs' eighteen discrete document requests. Defendants did not rationally articulate the connection between their vague denial, the applicable law and

11

regulations, and Plaintiffs' need for the requested materials. Defendants did not identify, explain or articulate a single one of the listed considerations identified in 28 C.F.R. § 16.26. Indeed, it is impossible to ascertain the legal, regulatory or statutory basis of Defendants' rejection of any of Plaintiffs' discrete requests.

c. Defendants' blanket denial of Plaintiffs' *Touhy* requests directly contradicts the ATF's prior practice of providing requested materials to litigants in past cases involving parallel criminal proceedings as required under existing Departmental *Touhy* regulations, 28 C.F.R. § 16.21 et seq.. *See, e.g.*, *CF Industries v. Department of Justice*, 692 Fed. Appx 177 (5th Cir. 2017).

d. Production of the requested materials is required under applicable *Touhy* regulations, as disclosure will not violate a statute or regulation; will not reveal classified information; will not reveal a confidential source or information; will not interfere with enforcement proceedings or investigative techniques and thereby impair their effectiveness; and will not reveal trade secrets. Accordingly, Defendants must "authorize disclosure." 28 C.F.R. § 16.26(c).

e. The administration of justice requires disclosure. Plaintiffs are victims of one of the worst maritime disasters of the past century. They have a constitutional and statutory right to prosecute their critically important civil claims in state court and those rights cannot be fully vindicated without proper compliance of the Defendants with relevant *Touhy* regulations and production of documents and materials that are in Defendants' possession, custody, and control.

f. The requested information and materials are in the control of Defendants and production of the identified materials will not cause an undue burden upon Defendants.

g. Finally, although Defendants' final agency decision does not cite any interest in protecting its investigative materials of techniques as a basis for its denial, such interests can be suitably protected through entry of a protective order and confidentiality stipulations. Moreover, the cause and origin of the *MV Conception* fire is only marginally relevant to the United State's case-in-chief against Captain Boylan for Seaman's manslaughter.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request the following relief:

a. An order compelling production of the materials requested by Plaintiffs in their August 6, 2021, and September 10, 2021, *Touhy* requests.

b. An order declaring Plaintiffs' entitlement to the materials their August 6, 2021, and September 10, 2021, *Touhy* requests.

c. An order enjoining Defendants from refusing to comply or adequately respond to Plaintiffs' August 6, 2021, and September 10, 2021, *Touhy* requests.

d. An order granting Plaintiffs' appropriate attorney fees and costs;

e. An order granting all other legal, equitable, injunctive and declaratory relief that the Court finds appropriate.

Dated: February 8, 2023,            Respectfully Submitted,

MCGUINN HILLSMAN AND PALEFSKY

*/s/John R. Hillsman*
JOHN R. HILLSMAN
535 Pacific Avenue Suite 100
San Francisco, CA 94133
415-421-9292
Email: jrhillsman@mhpsf.com
Counsel for: Victoria Ellen Moore, Christine Dignam, Jasmine Lord, Yuka Hatashi Merritt, and Viikram Singh.

13

NELSON & FRAENKEL, LLP

*/s/Gretchen M. Nelson*
Gretchen M. Nelson
Carlos F. Llinás Negret
601 South Figueroa Street, Suite 2050
Los Angeles, CA 90017
844-622-6469
cllinas@nflawfirm.com
Counsel for: Cheng Leng Tan, Estate of Wei Tan, Chik Ping Yap, Sejay Tan, Yadira Alvarez, Estate of Berenice Felipe, Nina Huttegger, Julia Ahopelto, C.A. (a minor), Jean Anne Allen, Estate of Carol Diana Adamic, Estate of Steven John Salika, Estate of Tia Nicole Adamic Salika, Shirley Salika, James Adamic.

PANISH SHEA AND BOYLE LLP

*/s/Robert Samuel Glassman*
Robert Samuel Glassman
11111 Santa Monica Boulevard Suite 700
Los Angeles, CA 90025
310-477-1700
glassman@psblaw.com
Counsel for: Mathew Guiney, Shruti Deopuraji, Robert Kurtz, Cherie McDonough, Kaustubh Nirmal, Gregory Krashenny, Seema Sharma, Cherie McDonough, Anthony Beitzinger, Henry Garcia, Margaret Strom, Eric Baltz, Atlee Fritz.

GALINE FRYE FITTING AND FRANGOS

*/s/Ilya Demetrios Frangos*
Ilya Demetrios Frangos
411 Borel Avenue Suite 500
San Mateo, CA 94402
650-345-8484
ifrangos@gff-law.com
Counsel for: Richard X. Liu,
Estate of Xiang Lin.

SCHUERING ZIMMERMAN DOYLE LLP

*/s/Theodore Derk Poppinga*
Theodore Derk Poppinga
Robert Harry Zimmerman
400 University Avenue
Sacramento, CA 95825
916-567-0400
tdp@szs.com
Counsel for: Susana Solano Rosas.

FIORE ACHERMANN ALC

*/s/Jennifer L Fiore*
Jennifer L Fiore
Sophia M Acherman
340 Pine Street Suite 503
San Francisco, CA 94104
415-550-0650
jennifer@thefafirm.com
Counsel for: Ariel Takvam, Kenneth Takvam, Mary R. Takvam, Mark Adamic, Angelika Adamic.

WALKUP MELODIA KELLY WECHT AND SCHOENBERGER

*/s/Matthew D Davis*
Matthew D Davis
650 California Street, 26th Floor
San Francisco, CA 94108
415-981-7210
mdavis@walkuplawoffice.com
Counsel for: Christina Quitasol, Katie Osborne, Olga Faynshteyn, Sarma Williams, Nancy Fiedler, Mathew Guiney.

LAW OFFICE OF W. RUSSELL FIELDS

*/s/Aurelio Edward Fields*
Aurelio Edward Fields
1792 Tribute Road Suite 400
Sacramento, CA 95815
916-646-6100
ed@russfieldslaw.com
Counsel for: Dominic Micael Selga, Estate of Fernisa June Sison, Nisa Shinagawa.

GREENE BROILLET & WHEELER
and
ARNOLD & ITKIN

*/s/ Alan Van Gelder*
Alan Van Gelder
222 N. Pacific Coast Highway
Suite 2100
El Segundo, CA. 90245
Telephone: 310-340-6505
aVanGelder@gbw.law
Counsel for: Ryan Sims.

ABBOTT & ABBOTT LAW

*/s/ Todd M. Abbott*
Todd M. Abbott, Esquire
2127 Olympic Parkway, Suite 1006, Number 348
Chula Vista, California 91915
tmabbottlaw@gmail.com
Counsel for: Daniel Poh-Hock Chua; Estate of Kristen Findstad.